FILED
United States Court of Appeals
Tenth Circuit

October 19, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | No. 11-3203 |
| v. | (D. Kansas) |
| JAVIER DOZAL, | (D.C. Nos. 2:10-CV-02468-KHV and 2:09-CR-20005-KHV-8) |
| Defendant - Appellant. | |
| ------------------------------------------ | |
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | No. 11-3230 |
| v. | (D. Kansas) |
| CARLOS DOZAL-ALVAREZ, | (D.C. 2:10-CV-02674-KHV and 2:09-CR-20005-KHV-25) |
| Defendant - Appellant. | |

**ORDER DENYING
CERTIFICATES OF APPEALABILITY**[*]

Before **LUCERO**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of these matters. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). These cases are therefore ordered submitted without oral argument.

In these companioned appeals, brothers Javier Dozal and Carlos Dozal-Alvarez, proceeding *pro se*, seek certificates of appealability ("COA"s) to enable them to appeal the dismissal of their 28 U.S.C. § 2255 petitions. Concluding that they have not satisfied the requirements for the issuance of a COA, we deny their requests for COAs and dismiss these matters.

## BACKGROUND

Both Mr. Dozal and Mr. Dozal-Alvarez pled guilty to one count of knowingly and intentionally conspiring to distribute and possess with intent to distribute more than five hundred grams of a mixture and substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii). Their plea agreements included the following waiver of appellate rights:

> **10.    Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed (including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release). The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any

-2-

right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001)] and a motion brought under Title 18, U.S.C. § 3582(c)(2). In other words, the defendant waives the right to appeal the sentence imposed except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. 3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by Title 18, U.S.C. § 3742(a).

Non-Cooperation Plea Agreement ¶ 10, R. Vol. 1 at 52. The exception to appellate waiver contained in Cockerham provides that "a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver," but that "collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside that category are waivable." Cockerham, 237 F.3d at 1187.

Mr. Dozal-Alvarez was sentenced to 188 months' imprisonment, followed by five years of supervised release. Mr. Dozal was sentenced to 151 months' imprisonment, followed by five years of supervised release.

Both men filed 28 U.S.C. § 2255 petitions seeking to vacate, set aside or correct their sentences. Both argued the same issues: their counsel was ineffective in that (1) he did not file a motion to suppress evidence from certain

wiretaps; (2) he did not file a motion to suppress and to dismiss because a "Mexican Spanish" interpreter was not used to translate the wiretaps; and (3) he did not hire a "Mexican speaking interpreter with the same dialect" as the defendants to translate documents and court proceedings.

The district court directed all parties to file briefs on the issue of potential procedural bars to the defendants' motions—i.e., whether their claims were barred because of the appellate waiver in their plea agreements. After receiving briefing, the court denied both § 2255 petitions, concluding that: the defendants' ineffectiveness claims fell squarely within the scope of the waivers and therefore could not be appealed; the defendants knowingly and voluntarily entered into the plea agreements; enforcement of the waivers would not cause a miscarriage of justice; and, examining the merits, counsel was not ineffective. Mr. Dozal and Mr. Dozal-Alvarez seek COAs to enable them to appeal these decisions.

## DISCUSSION

Pursuant to 28 U.S.C. § 2253(c)(2), a prisoner seeking a COA must make "a substantial showing of the denial of a constitutional right." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to make such a showing, a prisoner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed

-4-

further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted). Where the district court denies a habeas petition on procedural grounds, as well as on the merits of the underlying constitutional claim, a petitioner must show that reasonable jurists would find debatable *both* (1) whether the petition states a valid claim of the denial of a constitutional right, *and* (2) whether the district court was correct in its procedural ruling. Cf. Slack, 529 U.S. at 484 (holding that, where district court reached only the procedural issue, petitioner must establish that the court's rulings on both that issue and the merits are reasonably debatable). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." Id.

Having reviewed the record, we agree with the district court that the appellate waivers bar the particular ineffectiveness claims the brothers attempt to raise in these cases. We also agree that their waivers of their appellate rights were knowing and voluntary, and that enforcement of the waivers would not result in a miscarriage of justice. Additionally, the district court correctly held that, on the merits, the defendants failed to establish ineffectiveness by their

-5-

counsel.[1] No reasonable jurist could debate the propriety of the district court's rulings on those issues.

The requests for COAs are denied and these matters are dismissed. We also deny the defendants' motions for release pending disposition of these cases.

## CONCLUSION

For the foregoing reasons, the requests for COAs are denied and these matters are DISMISSED. Appellants' motions for bail and motions for leave to proceed in forma pauperis are DENIED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

---

[1]Defendants were represented by different counsel.